SANJAY S. SCHMIDT (State Bar No. 247475)
LAW OFFICE OF SANJAY S. SCHMIDT
1388 Sutter Street, Suite 810
San Francisco, CA 94109
Telephone: (415) 563-8583
Facsimile: (415) 223-9717
Email: ss@sanjayschmidtlaw.com

T. KENNEDY HELM, IV (State Bar No. 282319)
HELM LAW OFFICE, PC
644 40th Street, Suite 305
Oakland, California 94609
Telephone: (510) 350-7517
Facsimile: (510) 350-7359
Email: kennedy@helmlawoffice.com

*Attorneys for Plaintiff,*
ROBERT STOUT

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT STOUT,<br><br>    Plaintiff,<br><br>  vs.<br><br>CITY OF ANTIOCH, a public entity; Antioch Police Department Corporal JASON C. VANDERPOOL, individually; Antioch Police Department Officers ERIC A. McMANUS and CAESER E. TANGUMA, individually; and DOES 1–30, Jointly and Severally,<br><br>    Defendants. | **Case No.**<br><br>**COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF, AND DEMAND FOR JURY TRIAL** |

Plaintiff, by and through his attorneys, the LAW OFFICE OF SANJAY S. SCHMIDT and HELM LAW OFFICE, PC, for his complaint against Defendants, states as follows:

Complaint for Damages, Declaratory and Injunctive Relief, and Demand for Jury Trial
*Stout v. City of Antioch, et al.*
USDC (N.D. Cal.) Case No.    1

1

## INTRODUCTION

2

1.      This civil-rights enforcement action arises from the predictable consequences of the

3

failure of the City of Antioch, or its Chief of Police, to train its offers that a 911 call regarding a

4

possible domestic verbal argument does not, without more, allow officers to enter a home

5

without a warrant, or, in the alternative, from the failure of the City to supervise or discipline its

6

officers for failing to follow their training, or otherwise violating the rights of citizens. This civil-

7

rights action arises from the unreasonable seizure of Mr. Stout following the warrantless entry of

8

his home by City of Antioch Police Corporal Vanderpool, and Officers McManus and Tanguma,

9

allegedly to perform a "welfare check" on a woman then on a date with Mr. Stout. These officers

10

were responding to a 911 call Mr. Stout made over an hour before, during a disagreement with

11

his very drunk date, a fifty-seven-year-old woman named M.M., in which Mr. Stout strongly

12

encouraged M.M. not to drive while she was intoxicated, and to surrender her car keys to him.

13

During the 911 call, the issue had been resolved. The dispatcher coded the call as a "415 D," or

14

415 Domestic, meaning a verbal argument only, referring to California Penal Code § 415

15

(disturbing the peace, a very low-level offense, punishable as an infraction or misdemeanor).

16

Over an hour and twenty minutes later, Corporal Vanderpool, and Officers McManus and

17

Tanguma, arrived to find Mr. Stout standing inside his garage. Over Mr. Stout's objection, these

18

officer entered his garage and home in a trespassory and constitutionally violative fashion,

19

searching for M.M, ultimately finding her in a bedroom-adjacent bathroom, drawing a bath.

20

Corporal Vanderpool and Officer McManus forcefully took Mr. Stout down to the concrete floor

21

of his garage, and Mr. Stout struck his head and damaged a tooth. Officer McManus and

22

Corporal Vanderpool handcuffed and left Mr. Stout handcuffed and prone while they made a

23

warrantless entry into his house. Later, Corporal Vanderpool returned to the garage and delivered

24

a painful knee strike to Mr. Stout's back, before dragging Mr. Stout around his garage floor by

25

his legs, and pulling him to his feet by his handcuffs. Mr. Stout was falsely arrested for a

26

purported violation of California Penal Code § 148(a)(1), resisting, delaying, or obstructing an

27

officer, a misdemeanor, and was booked at the Antioch Police Department's Temporary Holding

28

Complaint for Damages, Declaratory and Injunctive Relief, and Demand for Jury Trial
*Stout v. City of Antioch, et al.*
USDC (N.D. Cal.) Case No.                   2

Facility, which released him about two hours later—to M.M., who ironically had driven to pick him up. The Contra Costa District Attorney's Office reviewed the case, and declined to file any charges against Mr. Stout. Consequently, Mr. Stout was later issued a Detention Certificate, deeming the arrest a "detention only", pursuant to California Penal Code §§ 849.5, 849.6 (b), and 851.6 (b).

## JURISDICTION AND INTRADISTRICT ASSIGNMENT

2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the First and Fourth Amendments to the United States Constitution, as well as the laws and Constitution of the State of California. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343(a)(3) and (4), and the aforementioned statutory and constitutional provisions. Mr. Stout further invokes the supplemental jurisdiction of this Court, pursuant to 28 U.S.C. § 1367(a), to hear and decide claims arising under state law.

3.      A substantial part of the events and/or omissions complained of herein occurred in the City of Antioch, in the County of Contra Costa, California, and under Civil Local Rule 3-2(d), this action is properly assigned to either the San Francisco Division or the Oakland Division.

## PARTIES AND PROCEDURE

4.     Plaintiff Robert Stout is a resident of the State of California.

5.     Defendant CITY OF ANTIOCH ("City" or "CITY") is a public entity established by the laws and Constitution of the State of California, and owns, operates, manages, directs, and controls the Antioch Police Department, which employs other defendants in this action.

6.     Defendant Corporal JASON C. VANDERPOOL ("VANDERPOOL"), at all material times, was employed by the CITY OF ANTIOCH as a police officer, and he was acting within the course and scope of that employment.

7.     Defendant Officer ERIC A. MCMANUS ("MCMANUS"), at all material times, was employed by the CITY OF ANTIOCH as a police officer, and he was acting within the course and scope of that employment.

Complaint for Damages, Declaratory and Injunctive Relief, and Demand for Jury Trial
*Stout v. City of Antioch, et al.*
USDC (N.D. Cal.) Case No.                3

8.     Defendant Officer CAESAR E. TANGUMA ("TANGUMA"), at all material times, was employed by the CITY OF ANTIOCH as a police officer, and he was acting within the course and scope of that employment.

9.     Defendant TANGUMA's first year as a peace officer of any kind was 2019, with the Antioch Police Department.

10.    In 2018, Defendant TANGUMA worked as a "police trainee" for the Antioch Police Department.

11.    At all relevant times, Defendant MCMANUS was acting within the course and scope of his assignment as Defendant TANGUMA's Field Training Officer (F.T.O).

12.    The true names and capacities of other defendants sued as DOES 1–30 are unknown to Plaintiff, who therefore sues these defendants by such fictitious names; Plaintiff will seek leave to amend this complaint to show their true names and capacities when the same are ascertained. Each DOE Defendant was an employee and/or agent of the CITY OF ANTIOCH, or some other to-be-identified entity, and at all material times acted within the course and scope of that relationship.

13.    Plaintiff is informed and believes, and thereon alleges, that each of the Defendants sued herein was negligently, wrongfully, and otherwise responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and damages to Plaintiff. Further, one or more DOE Defendants was at all material times responsible for the hiring, training, supervision, and discipline of other defendants, including DOE Defendants.

14.    Plaintiff is informed and believes, and thereon alleges, that each of the Defendants was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things herein alleged, was acting within the course and scope of that relationship. Plaintiff is further informed and believes, and thereon alleges, that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter otherwise, specifically alleged.

Complaint for Damages, Declaratory and Injunctive Relief, and Demand for Jury Trial
*Stout v. City of Antioch, et al.*
USDC (N.D. Cal.) Case No.                4

15.     At all material times, each Defendant was jointly engaged in tortious activity, and an integral participant in the conduct described herein, resulting in the deprivation of Plaintiff's constitutional rights and other actionable harm.

16.     At all material times, each Defendant acted under color of the laws, statutes, ordinances, and regulations of the State of California.

17.     On May 29, 2020, Defendant CITY OF ANTIOCH served its rejection notice of Plaintiff's timely-filed Government Code Claim. This action is timely filed within all applicable statutes of limitation.

18.     This complaint may be pleaded in the alternative, pursuant to Federal Rule of Civil Procedure 8(d)(2).

## GENERAL ALLEGATIONS

19.     Plaintiff realleges each and every paragraph in this complaint, as though fully set forth here.

20.     Peace officers in California have a duty to keep abreast of changes in the law in order to fulfill their duties as law-enforcement officers, while respecting the constitutional rights of the citizens with whom they come into contact.

21.     Years before this incident, binding precedent of which every reasonable California peace officer would have been aware, explained that a report of a domestic verbal argument does not entitle the police to treat the call as a domestic violence incident allowing for a warrantless entry of a home. After all, "fights come in all stripes, including purely verbal fights, and a mere argument would provide scant justification to enter based on the emergency-aid or exigent-circumstances exceptions." *Torres v. Hansen*, No. 16-CV-06607-SI, 2019 WL 4142158, at *10 (N.D. Cal. Aug. 30, 2019), *appeal dismissed*, No. 19-16899, 2019 WL 7194023 (9th Cir. Oct. 23, 2019), *cert. denied*, No. 19-8772, 2020 WL 5882967 (U.S. Oct. 5, 2020). As *Torres* explains:

> The Ninth Circuit has repeatedly—both before and after July 4, 2012—refused to find a *per se* rule that a complaint of domestic violence brings the officers within the emergency-aid or exigent-circumstances exception to the warrant requirement. *See Brooks*, 367 F.3d at 1136 ("We do not suggest that domestic abuse cases create a per se exigent need for warrantless entry"); *Bonivert*, 883 F.3d at 877

Complaint for Damages, Declaratory and Injunctive Relief, and Demand for Jury Trial
*Stout v. City of Antioch, et al.*
USDC (N.D. Cal.) Case No.                    5

(although domestic disputes can be volatile, "we have refused to hold that 'domestic abuse cases create a per se' emergency justifying warrantless entry," citing *Brooks*, 367 F.3d at 1136); *id*. (citing cases from 2004, 2005, and 2007, and stating that "all of our decisions involving a police response to reports of domestic violence have required an objectively reasonable basis for believing that an *actual or imminent injury* was unfolding in the place to be entered"). "Plainly, domestic violence calls vary widely in the actual threats they pose to officers and others. An officer therefore must consider the specific factual circumstances of an encounter to justify a particular search or seizure." *Thomas v. Dillard*, 818 F.3d 864, 881 (9th Cir. 2016); *see also id*. at 882 ("We have never suggested that a suspicion of 'domestic violence' alone provides sufficient justification for a given police intrusion")).

22.   Therefore, since at least 2012—well before this incident in 2019—binding and clearly-established Ninth-Circuit precedent—of which every reasonable California law-enforcement officer would have been aware—has explicitly refused to find a *per* se rule that a complaint of a domestic verbal argument brings responding law-enforcement officers within either the emergency-aid or exigent-circumstances exception to the warrant requirement.

23.   Since at least 2012, binding and clearly-established Ninth Circuit precedent—of which every reasonable California law-enforcement officer would have been aware—has repeatedly warned law-enforcement officers that, when responding to a possible domestic verbal argument, they may only enter the home without a warrant if they have an objectively reasonable basis for believing that an actual or imminent injury is then unfolding in the place to be entered.

24.   On information and belief, CITY OF ANTIOCH Police Department Chief Tammany failed to implement training programs or policy to ensure that his officers followed the legal standard in *Torres*.

25.   In the early evening of Tuesday, July 16, 2019, Plaintiff ROBERT STOUT ("STOUT"), a sixty-year-old City of Antioch Public Works retiree, was on his third date with M.M., a fifty-seven-year-old woman.

26.   Sometime before 6:46 p.m., M.M., very drunk, threatened to drive off in her car. On their second date, M.M. had made a similar threat to drive off while drunk, and when he tried to keep her from doing so, to call 911. Mr. Stout told her he wanted to get her keys from her, so that she would not drive and needlessly endanger herself or others on the road.

Complaint for Damages, Declaratory and Injunctive Relief, and Demand for Jury Trial
*Stout v. City of Antioch, et al.*
USDC (N.D. Cal.) Case No.                         6

27.     M.M. refused to give Mr. Stout her keys, and again she threatened to call 911.

28.     In response, Mr. Stout called 911, and he tried to hand M.M. the phone, but she refused to take it.

29.     Mr. Stout explained to Antioch Police Dispatcher Tiffany Nguyen that he was calling because M.M. had said that she was going to call 911.

30.     Mr. Stout explained to Ms. Nguyen that M.M. was drunk and that he was trying to get M.M. to surrender her car keys to him.

31.     While on speakerphone as Mr. Stout tried to speak with the dispatcher, M.M. talked over him, to such an extent that Ms. Nguyen became irritated with M.M., and requested that she please be quiet.

32.     Eventually, M.M. did surrender her car keys to Mr. Stout.

33.     Mr. Stout told Ms. Nguyen that he now had M.M.'s keys, and that they did not need help.

34.     Ms. Nguyen asked Mr. Stout if everything was ok, and Mr. Stout said it was, and the call ended.

35.     Ms. Nguyen coded the call as a "415 D," or "415 Domestic," which refers to California Penal Code § 415, which proscribes, as either an infraction or a misdemeanor, disturbing the peace.

36.     A "415 D" call lets responding officers know to expect a possible *verbal* argument between two people who may or may not live together.

37.     A "415 D" call does *not* indicate that physical domestic violence is taking place.

38.     California peace officers are trained, beginning in the academy, to distinguish between *verbal* domestic arguments and *physical* domestic violence.

39.     Police Dispatcher Nguyen provided the following information about Mr. Stout's 911 call to officers in the field: "COUPLE IN VERBAL, , FEMALE IN THE BACKGROUND TRYING TO TELL THE RP WHAT TO SAY. FEMALE HAD THREATENED TO CALL 911 SO THE MALE SAID 'HERE I'LL DO IT FOR YOU.'  NOW NOT ANSWERING QUESTIONS."

Complaint for Damages, Declaratory and Injunctive Relief, and Demand for Jury Trial
*Stout v. City of Antioch, et al.*
USDC (N.D. Cal.) Case No.                          7

40.     Over an hour later, at about 8:06 p.m., according to Defendant Ofc. McMANUS, an Antioch Police Department dispatcher advised over the radio of "a 911 call from Robert Stout." McMANUS would later write in his report that dispatch stated: "[1] there was a couple in an argument and a female was in the background telling the reporting party (Stout) what to say . . . [2] the female threatened to call 911 and Stout said, I'll do it for you . . . [3] the reporting party was no longer answering questions . . ." and, lastly, "[4] the call was 80 minutes cold."

41.     Defendant Corporal VANDERPOOL drove to 1324 Rocksprings Way.

42.     Field Training Officer McMANUS and his trainee, Officer TANGUMA, drove together in a patrol vehicle to 1324 Rockspring Way.

43.     Corporal VANDERPOOL arrived on scene first, at about 8:07 p.m.

44.     Corporal VANDERPOOL knocked on the front door of 1324 Rockspring Way. Mr. Stout saw Corporal VANDERPOOL standing outside; when he went to answer the door, M.M. told him that he should ignore the officer, that she did not want to have any contact with the police, and that she was going to take a bath. M.M. walked to take a bath in a back bedroom, and Mr. Stout went through his laundry room to the attached garage, and opened the garage door.

45.     Corporal VANDERPOOL found Mr. Stout standing inside his attached garage, and there was a brief discussion between Defendant VANDERPOOL and Plaintiff.

46.     Around this time, Officers McMANUS and TANGUMA arrived at 1324 Rockspring Way, and joined Corporal VANDERPOOL at the open garage door.

47.     The Defendants sought entry into the garage and home, which Plaintiff, Mr. STOUT, expressly refused to provide.

48.     Corporal VANDERPOOL said something to the effect of: "we're coming inside."

49.     Mr. Stout told Corporal VANDERPOOL, and Officers McMANUS and TANGUMA that they did not have permission to enter his garage.

50.     They all entered Mr. Stout's garage anyway, and while unlawfully in his garage, Defendant TANGUMA grabbed Mr. Stout's left arm and unlawfully detained him.

Complaint for Damages, Declaratory and Injunctive Relief, and Demand for Jury Trial
*Stout v. City of Antioch, et al.*
USDC (N.D. Cal.) Case No.                    8

51.   Mr. Stout reiterated that the officers were not permitted to come inside his house, but Corporal VANDERPOOL said something to the effect of, "no, we're coming in."

52.    Officer MCMANUS asked Mr. Stout what the girl's name was; Mr. Stout replied with her first name. Officer MCMANUS asked Mr. Stout additional questions, which Mr. Stout responded.

53.   Defendant Officer TANGUMA unlawfully entered Mr. Stout's home, and went into the back bedroom, unannounced, and found M.M., clothed, standing while drawing a bath in the tub.

54.   At some point, Defendant Officer MCMANUS and Corporal VANDERPOOL also went into Mr. Stout's home. After some time, Corporal VANDERPOOL and Officers MCMANUS and TANGUMA came back into the garage after unlawfully being inside the house.

55.   At this point, Officer MCMANUS told Mr. Stout that he was under arrest.

56.   Officer McManus grabbed Mr. Stout by his right arm.

57.   Suddenly, Officer MCMANUS and Corporal VANDERPOOL forcefully and violently took Mr. Stout to the concrete floor of his own garage, causing Mr. Stout to hit the left side of his head on the concrete, breaking a tooth under the gumline. During the takedown, one officer kicked Mr. Stout in his left knee. Defendant Officer MCMANUS and Corporal VANDERPOOL handcuffed Mr. Stout behind his back. Then, Officer MCMANUS and Corporal VANDERPOOL unlawfully went back inside the house again.

58.   Mr. Stout was lying on the concrete garage floor. The garage door to the house opened, and Corporal VANDERPOOL came out alone.

59.   Suddenly, Corporal VANDERPOOL came down with his knee in the center of Mr. Stout's back with a high degree of force.

60.   Mr. Stout cried out in pain, his back crunched, and he said: "Man, did you hear my back?"

61.   Defendant Corporal VANDERPOOL replied: "I didn't hear shit." Then, Corporal VANDERPOOL grabbed Mr. Stout by his right leg, and dragged him across the garage floor, and asked Mr. Stout if he would like to get up.

Complaint for Damages, Declaratory and Injunctive Relief, and Demand for Jury Trial
*Stout v. City of Antioch, et al.*
USDC (N.D. Cal.) Case No.                    9

62.     Mr. Stout told Corporal VANDERPOOL something to the effect of: "I don't know if I can get up at this point, but I'll try."

63.     Corporal VANDERPOOL then grabbed Plaintiff by his hands, pulled his arms up behind Plaintiff's back, stood him up, and put him up against his workbench.

64.     Corporal VANDERPOOL was in front of Mr. Stout; he bent Mr. Stout over the workbench, put his face 2 inches away from Mr. Stout's face, and said: "Get the fuck out of my face."

65.     Confused, Mr. Stout looked at Corporal VANDERPOOL and said: "last time I checked you're in my house and in my face."

66.     Corporal VANDERPOOL replied: "Five years ago, I would have broken your fucking jaw for that."

67.     Then, Officer MCMANUS came from inside the house to the garage, and he told Mr. Stout that he was under arrest for "resisting arrest."

68.     Officer MCMANUS said that Mr. Stout would be transported.

69.     Mr. Stout asked Officer MCMANUS, and/or Officer TANGUMA, and/or Corporal VANDERPOOL to loosen the handcuffs, because they were very tight, but they refused.

70.     Mr. Stout still has numbness in his wrists, to his thumbs and index fingers, from the handcuffing, and sometimes experiences a phantom-like feeling of something still binding his wrists.

71.     One of Defendants, possibly MCMANUS, drove Mr. Stout to the Antioch Police Department. Officer MCMANUS took photos of Mr. Stout and fingerprinted him.

72.     Officer MCMANUS put Mr. Stout in a holding cell. After a while, Officer MCMANUS told Mr. Stout that they were going to release him on his own recognizance, also known as a "cite and release," and that M.M. was coming to get him.

73.     M.M. picked Mr. Stout up, and told him that Officer MCMANUS had been trying to get her to admit, falsely, that Mr. Stout had abused her.

74.     In the days following, Mr. Stout sought medical treatment.

Complaint for Damages, Declaratory and Injunctive Relief, and Demand for Jury Trial
*Stout v. City of Antioch, et al.*
USDC (N.D. Cal.) Case No.                    10

75.     On information and belief, the Defendants sought to have Mr. Stout prosecuted by forwarding the report to the District Attorney's Office with the hopes that Mr. Stout would be charged with a violation of California Penal Code section 148(a)(1), so as to insulate themselves from liability for their unlawful conduct and the injuries they wrongfully inflicted. The District Attorney reviewed the case, and declined to file any charges. Consequently, because Mr. Stout was arrested and no accusatory pleading was filed, Mr. Stout was later issued a Detention Certificate, deeming the arrest a "detention only", pursuant to California Penal Code §§ 849.5, 849.6 (b), and 851.6 (b).

76.     At all material times, and alternatively, the actions and omissions of each Defendant were intentional, wanton, and/or willful, conscience shocking, reckless, malicious, deliberately indifferent to Plaintiff's rights, done with actual malice, grossly negligent, negligent, and objectively unreasonable.

77.     As a direct and proximate result of each Defendant's acts and/or omissions, as set forth above, Plaintiff sustained the following injuries and damages, past and future, including, but not limited to:

        a.      Hospital and medical expenses for past and future treatment;

        b.      Emotional distress, pain and suffering, fear, anxiety, sleeplessness, humiliation, indignity, and loss of liberty;

        c.      Violations of – and deprivations of – state and federal constitutional rights;

        d.      All other legally cognizable special and general damages; and,

        e.      All damages, costs, and attorneys' fees and penalties recoverable under 42 U.S.C. §§ 1983, 1988, California Civil Code §§ 52 and 52.1, California Code of Civil Procedure § 1021.5, and as otherwise allowed under California and United States statutes, codes, and common law.

//

//

//

//

//

//

//

Complaint for Damages, Declaratory and Injunctive Relief, and Demand for Jury Trial
*Stout v. City of Antioch, et al.*
USDC (N.D. Cal.) Case No.                    11

# CAUSES OF ACTION

## FIRST CAUSE OF ACTION
### (42 U.S.C. § 1983)
### PLAINTIFF AGAINST DEFENDANTS VANDERPOOL, MCMANUS, TANGUMA, and DOES 1–10

78.     Plaintiff realleges each and every paragraph in this complaint, as though fully set forth here.

79.     By the actions and omissions described above, the named Defendants and DOES 1–10 deprived Plaintiff of the following clearly established and well-settled constitutional rights, which are protected by the First and Fourth Amendments:

      a.   The right to be free from unlawful, warrantless government entries of real property, curtilage, and home;

      b.   The right to free exercise of the rights to freedom of speech and expression, including Mr. Stout's right to verbally criticize law-enforcement officers during the course of their duties;

      c.   The right to free exercise, through speech, of the right to freedom from unreasonable entry of home and to freedom from unreasonable search and seizure;

      d.   The right to be free from government conduct and/or the exercise of discretion by a government official that is in retaliation and response to the exercise of free speech, as secured by the First and Fourteenth Amendments;

      e.   The right to express criticism of the government and/or government officials and/or public employees and/or to question a public official or public employee's job performance and/or to question a public employee as to the proper performance of their duties, as secured by the First and Fourteenth Amendments;

      f.   The right to be free from unreasonable searches and seizures; and,

      g.   Mr. Stout's right to be free from excessive and unreasonable force in the course of a seizure.

80.     Defendants' acts and/or omissions as set forth herein were the moving force behind, and proximately caused injuries and damages to Plaintiff, as set forth at ¶ 77.

81.     Defendants' conduct entitles Plaintiff to punitive damages and penalties against the

Complaint for Damages, Declaratory and Injunctive Relief, and Demand for Jury Trial
*Stout v. City of Antioch, et al.*
USDC (N.D. Cal.) Case No.                    12

individual defendants as allowable under 42 U.S.C. § 1983 and California law; no punitive damages are sought directly against Defendant CITY.

82.     Plaintiff is also entitled to reasonable costs and attorneys' fees under 42 U.S.C.§ 1988 and applicable California codes and laws.

## SECOND CAUSE OF ACTION
### (42 U.S.C. § 1983 *Monell* and Supervisory Liability)
### PLAINTIFF AGAINST DEFENDANT CITY OF ANTIOCH, CHIEF BROOKS, and DOES 11–30

83.     Plaintiff realleges each and every paragraph in this complaint as if fully set forth here.

84.     On information and belief, the unconstitutional actions and/or omissions of Defendants were pursuant to the following customs, policies, practices, and/or procedures of the CITY OF ANTIOCH, which were directed, encouraged, allowed, and/or ratified by the named supervisor Defendants, DOE Defendants 11–30, and other policy-making officers for the CITY OF ANTIOCH:

    a.   To fail to institute, require, and enforce proper and adequate training, supervision, policies, and procedures to train its officers that there is no "per se" domestic violence exception to the search warrant requirement, especially where officers only have facts that only a verbal argument has taken place;

    b.   To allow officers to treat calls of domestic verbal disputes as domestic violence calls, contrary to the Fourth Amendment;

    c.   To fail to institute, require, and enforce proper and adequate training, supervision, policies, and procedures to train its officers that they must have objective evidence of imminent injury to the person before an exception to the warrant requirement may apply;

    d.   To fail to institute, require, and enforce proper and adequate training, supervision, policies, and procedures to train its officers on what is required before performing a "welfare check;"

    e.   To engage in or tolerate unreasonable seizures;

    f.   To tolerate or perpetuate the policy of "hurt a person – charge a person," pursuant to which if an officer wrongly hurts, detains, searches, or arrests a person, the officer will falsely arrest the person and/or seek to secure the filing and prosecution of a criminal charge against the person, such as a charge for a violation of California Penal Code § 148 (a)(1); the officer arrests the person for a claimed violation of California Penal Code § 148 (a)(1) and/or seeks the filing

Complaint for Damages, Declaratory and Injunctive Relief, and Demand for Jury Trial
*Stout v. City of Antioch, et al.*
USDC (N.D. Cal.) Case No.                    13

and prosecution of such charges (and/or other charges) with the belief that an arrest or conviction will prevent the person from suing for their injuries wrongfully inflicted by the officer. Tolerating or condoning "hurt a person – arrest a person" – and/or – "hurt a person – charge a person" encourages officers to use excessive force and/or to falsely arrest persons;

g.   Using or tolerating excessive and/or unjustified force and/or false arrests;

h.   Using or tolerating inadequate, deficient, and/or improper procedures for handling, investigating, and reviewing complaints of excessive force or officer misconduct, including claims made under California Government Code section 910 et seq.;

i.    To fail to institute and require proper and adequate training, supervision, policies, and procedures concerning the use of force;

j.    To fail to institute and require proper and adequate training, supervision, policies, and procedures concerning searches and seizures;

k.   To cover-up violations of constitutional rights by failing to properly investigate and/or evaluate complaints or incidents of unlawful warrantless entries of homes;

l.    To fail to institute, require, and enforce necessary, appropriate, and lawful policies, procedures, and training programs to prevent or correct the unconstitutional conduct, customs, and practices and procedures described in this complaint and in sub-paragraphs (a) through (k), *supra*, with deliberate indifference to the rights and safety of Plaintiff, and the public, and in the face of an obvious need for such policies, procedures, and training programs; and

m.  To use or tolerate inadequate, deficient, and improper procedures for handling, investigating, and reviewing complaints of misconduct on the part of officers as a result of excessive force and unlawful home entries, searches, and seizures.

85.   Defendant CITY OF ANTIOCH and DOE Defendants 11–20 failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline Defendants VANDERPOOL, McMANUS, and TANGUMA, and DOES 1–30, with deliberate indifference to Plaintiff's constitutional rights, which were thereby violated as described above.

86.   On information and belief, the unconstitutional actions and/or omissions of Defendants, as described above, were approved, tolerated and/or ratified by DOE Defendants 11–30 and other policy-making officers for the CITY OF ANTIOCH. Plaintiff is informed and believes, and thereupon alleges, that the details of this incident have been revealed to the authorized

Complaint for Damages, Declaratory and Injunctive Relief, and Demand for Jury Trial
*Stout v. City of Antioch, et al.*
USDC (N.D. Cal.) Case No.                    14

policymakers within the CITY OF ANTIOCH, and Plaintiff is further informed and believes, and thereupon alleges, that such policymakers have direct knowledge of the facts of this incident. Notwithstanding this knowledge, the authorized policy makers within the CITY OF ANTIOCH have approved of the conduct of Defendants, and they have made a deliberate choice to endorse the decisions of those Defendants and the basis for those decisions. By doing so, the authorized policy makers of CITY OF ANTIOCH have shown affirmative agreement with each individual Defendant's actions and have ratified the unconstitutional acts of the individual Defendants.

87.    The aforementioned customs, policies, practices, and procedures were a moving force and/or a proximate cause of the deprivations of Plaintiff's clearly established and well-settled constitutional rights, in violation of 42 U.S.C. §1983, as more fully set forth in the paragraphs above.

88.    Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff and others would be violated by their acts and/or omissions. As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices and procedures of Defendants CITY and DOES 11-30, as described above, Plaintiff suffered injuries, constitutional violations, liberty deprivations, and incurred damages, and thus, he is entitled to damages, penalties, costs, and attorneys' fees, as set forth in ¶ 77, above, and he is entitled to punitive damages against the to-be-identified policy maker and/or supervisorial Defendants in their individual capacities.

### THIRD CAUSE OF ACTION
### (VIOLATION OF CIVIL CODE § 52.1)
### PLAINTIFF AGAINST DEFENDANTS CITY OF ANTIOCH VANDERPOOL, MCMANUS, TANGUMA, and DOES 1–10

89.    Plaintiff realleges each and every paragraph in this complaint, as though fully set forth here.

Complaint for Damages, Declaratory and Injunctive Relief, and Demand for Jury Trial
*Stout v. City of Antioch, et al.*
USDC (N.D. Cal.) Case No.                    15

90.     By their acts, omissions, customs, and policies, Defendants violated Plaintiff's rights under California Civil Code § 52.1, and the following clearly established rights under the United States Constitution and the California Constitution:

       a.   The right to free exercise of the rights to freedom of speech and expression, including the right to verbally criticize law-enforcement officers during the course of their duties;

       b.   The right to free exercise, through speech, of the right to freedom from unreasonable entry of home and to freedom from unreasonable search and seizure;

       c.   The right to be free from government conduct and/or the exercise of discretion by a government official that is in retaliation and response to the exercise of free speech, as secured by the First and Fourteenth Amendments;

       d.   The right to express criticism of the government and/or government officials and/or public employees and/or to question a public official or public employee's job performance and/or to question a public employee as to the proper performance of their duties, as secured by the First and Fourteenth Amendments;

       e.   The right to be secure in one's person, house, papers, and effects against unreasonable searches and seizures, as secured by the Fourth Amendment to the U.S. Constitution;

       f.   The right to be free from unreasonable searches and seizures, as secured by the Fourth and Fourteenth Amendments;

       g.   The right to be free from excessive and unreasonable force in the course of a seizure as secured by the Fourth Amendment to the U.S. Constitution;

       h.   The right to enjoy and defend life and liberty, acquire, possess and protect property, and pursue and obtain safety, happiness and privacy, as secured by the California Constitution, Article 1, § 1;

       i.   The right to be free from unreasonable or excessive force, as secured by the California Constitution, Article 1, Section 13; and,

       j.   The right to protection from bodily restraint, harm, or personal insult, as secured by California Civil Code § 43.

91.     Alternatively, or concurrently, the threat, intimidation, and coercion described herein was not necessary or inherent to Defendants' violation of Plaintiff's rights, nor to any legitimate law enforcement activity.

Complaint for Damages, Declaratory and Injunctive Relief, and Demand for Jury Trial
*Stout v. City of Antioch, et al.*
USDC (N.D. Cal.) Case No.                                16

92.     Further, all of Defendants' violations of duties and rights and coercive conduct, described herein, were volitional acts; none were accidental or merely negligent.

93.     Defendant CITY is not sued directly in this cause of action, but is named because it is liable under California Government Code § 815.2 for injury proximately caused by an act or omission of an employee, committed within the course and scope of the employees' employment.

94.     As a direct and proximate result of Defendants' violation of California Civil Code §52.1 and of Plaintiff's rights under the United States and California Constitutions and law, Plaintiff sustained injuries and damages, and against each and every Defendant is entitled to relief as set forth above at ¶ 77, punitive damages against Defendants in their individual capacities, and all damages allowed by California Civil Code §§ 52, 52.1, and California law, not limited to three times actual damages, costs, attorneys' fees, and civil penalties. No punitive damages are sought against Defendant CITY directly.

**FOURTH CAUSE OF ACTION**
**(NEGLIGENCE)**
**PLAINTIFF AGAINST ALL DEFENDANTS**

95.     Plaintiff realleges each and every paragraph in this complaint, as though fully set forth here.

96.     At all times, each Defendant owed Plaintiff the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

97.     At all times, each Defendant owed Plaintiff the duty to act with reasonable care.

98.     These general duties of reasonable care and due care owed to Plaintiff by all Defendants include but are not limited to the following specific obligations:

     a.  to train their officers on clearly-established Ninth Circuit law that there is no "domestic violence" exception to the warrant requirement, and that officers are not allowed to treat every call of a domestic verbal argument as a domestic violence incident requiring a warrantless entry;

     b.  to refrain from using excessive and/or unreasonable force against Mr. Stout;

Complaint for Damages, Declaratory and Injunctive Relief, and Demand for Jury Trial
*Stout v. City of Antioch, et al.*
USDC (N.D. Cal.) Case No.                    17

c.  to refrain from causing Mr. Stout to be wrongfully arrested and/or detained;

d.  to refrain from unlawfully entering and searching Stout's home;

e.   to refrain from abusing their authority granted them by law;

f.  to use generally accepted police procedures and tactics that are reasonable and necessary under the circumstances;

g.  to refrain from violating Mr. Stout's rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

99.    Additionally, these general duties of reasonable care and due care owed to Plaintiff by the CITY OF ANTIOCH and DOE Defendants 1–10 include, but are not limited to, the following specific obligations:

a.  to properly and adequately hire, investigate, train, supervise, monitor, evaluate, and discipline City employees and agents, to ensure that those employees/agents/officers act at all times in the public interest and in conformance with law;

b.  to make, enforce, and at all times act in conformance with policies and customs on behalf of the City that are lawful and protective of individual rights, including Plaintiff;

c.  to refrain from making, enforcing, and/or tolerating the wrongful policies and customs set forth at ¶¶ 84 - 86, above.

100.    Defendants, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiff.

101.    As a direct and proximate result of Defendants' negligence, Plaintiff sustained injuries and damages, and against each and every Defendant is entitled to relief as set forth above at ¶ 77, and punitive damages against individual Defendants under California law. For this claim, the CITY OF ANTIOCH is vicariously liable for the conduct of its employees and agents pursuant to Cal. Gov. Code § 815.2. No punitive damages are sought against Defendant CITY directly.

//

//

Complaint for Damages, Declaratory and Injunctive Relief, and Demand for Jury Trial
*Stout v. City of Antioch, et al.*
USDC (N.D. Cal.) Case No.                    18

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the following relief against each and every Defendant herein, jointly and severally:

a.    Compensatory and exemplary damages in an amount according to proof and which is fair, just, and reasonable;

a.    Punitive damages against the individual Defendants, under 42 U.S.C. § 1983 and California law, in an amount according to proof and which is fair, just, and reasonable (against all defendants except the CITY OF ANTIOCH);

b.    All other damages, penalties, costs, interest, and attorneys' fees as allowed by 42 U.S.C. §§ 1983 and 1988, California Code of Civil Procedure § 1021.5, California Civil Code §§ 52 et seq. and 52.1, and as otherwise may be allowed by California and/or federal law;

c.    Injunctive relief, including, but not limited to, the following:

      i.    An order prohibiting the CITY OF ANTIOCH from engaging in the unconstitutional customs, policies, practices, procedures, training and supervision as may be determined and/or adjudged by this case; and,

d.    For such other and further relief as this Court may deem appropriate, just, or proper.

Dated: November 27, 2020         Respectfully Submitted,

                                 **LAW OFFICE OF SANJAY S. SCHMIDT**
                                 -and-
                                 **HELM LAW OFFICE, PC**

                                 */s/ Sanjay S. Schmidt*
                                 By: Sanjay S. Schmidt
                                 Attorneys for Plaintiff,
                                 ROBERT STOUT

//
//
//
//

Complaint for Damages, Declaratory and Injunctive Relief, and Demand for Jury Trial
*Stout v. City of Antioch, et al.*
USDC (N.D. Cal.) Case No.        19

## JURY TRIAL DEMAND

Plaintiff hereby respectfully demands a jury trial, pursuant to Rule 38 of the Federal Rules of Civil Procedure, for all claims for which a jury is permitted

Dated:  November 27, 2020           **LAW OFFICE OF SANJAY S. SCHMIDT**
                                    **-and-**
                                    **HELM LAW OFFICE, PC**


                                    */s/ Sanjay S. Schmidt*
                                    By: Sanjay S. Schmidt
                                    Attorneys for Plaintiff,
                                    ROBERT STOUT

Complaint for Damages, Declaratory and Injunctive Relief, and Demand for Jury Trial
*Stout v. City of Antioch, et al.*
USDC (N.D. Cal.) Case No.                    20